HILDA D. WALLER, PLAINTIFF-RESPONDENT, v. STERNER COAL AND LUMBER COMPANY, BODY CORPORATE, DEFENDANT-APPELLANT.

Argued May 5, 1926—Decided December 15, 1926.

**Mortgages—Mechanics' Lien—Plaintiff Secured Constructive Loan—Contractor, With President of Defendant, a Materialman, Applied to Mortgagee for Money Due on Loan, to be Paid to Defendant, Presenting Necessary Releases and Affidavits of Contractor Relating to Absence of Other Lien Claims—After Payment of Money to Defendant it Appeared That He Had a Claim for Only a Few Dollars of the Amount Paid, but That Another Builder Had a Valid Claim Not Released—Judgment for Plaintiff Sustained—No Error in Charge, in Refusal to Nonsuit.**

On appeal from the Monmouth County Court of Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the appellant, *Harry R. Cooper.*

For the respondent. *Durant, Ivins & Carton.*

PER CURIAM.

The plaintiff owned land in Neptune City. She made a contract with one Gough for the building of a house thereon. To provide for payment therefor the plaintiff procured a mortgage of $5,400 through the Neptune Mutual Building and Loan Association. The money procured was what is known as a construction loan, and was to be disbursed by the association, depending upon the state of completion of the building, upon the furnishing of releases, in order that the contractor could provide for the payment of labor and materials furnished in the building.

Gough was also erecting, as contractor, certain other buildings on which were like mortgages held by such building association, and also erecting other buildings on which no loans had been granted by such association.

Some time prior to October 31st, 1923, Gough, with one *Sterner*, president of the defendant company, *came to the building association for* some *moneys under the $5,400 mortgage on the Waller contract,* and *Campbell,* secretary of the association, *told Gough to procure releases on the Waller job* and on the other jobs on which loans had been made by the association *before payments could be made.*

On October 31st, 1923, Gough had so far completed the construction of the Waller house that he was entitled to approximately $2,500 under the construction loan being made by the association, out of which he was supposed to pay materialmen and laborers. On that day Gough and Sterner appeared at the association, and according to the testimony of Campbell, Gough, *in the presence of Sterner,* directed Campbell to draw two checks, *one for $1,817.80 from the Waller account,* and the sum of $1,239.53 from the William and Ella O'Brien account, another construction loan being made by the association, and to pay the total these two checks to the defendant; but Sterner and Gough both denied that any mention was made of the accounts from which these payments would be made to Sterner. Sterner, at the time he came to the association for the money, signed a mechanics' lien release on the Waller job, and Gough handed this release and two or three others on other contracts to Campbell. At the time this release was handed to Campbell, there was an affidavit on same signed by Gough certifying that there were no materialmen or laborers entitled to any moneys on the Waller job other than those shown on the release. At that time, or a little later, Campbell paid to Sterner the two checks of $1,817.80 and $1,239.53. Later, Campbell learned that the Perrine & Buckelew Lumber Company had furnished materials on the Waller job for more than $1,500, and that that amount was owing to them. Perrine & Buckelew's name did not appear on the release. Campbell paid Perrine & Bucke-

lew a balance of $636 then remaining in the Waller loan account, and that firm later filed a mechanics' lien claim against the premises of the plaintiff for $906. Campbell also learned, after the payment of the check of $1,817.80 to Sterner, that the materials furnished by the defendant on the Waller job only amounted to $32.55, which sum was admitted at the trial by Sterner to be correct.

This action was brought to recover the sum of $1,817.80 so paid to the defendant under the Waller mortgage, the plaintiff alleging fraud. At the conclusion of the plaintiff's case, the defendant moved for a nonsuit and the plaintiff moved for an amendment to her complaint by adding an additional count alleging money had and received. Plaintiff's request was granted and defendant's motion for a nonsuit was denied. The jury found for the plaintiff in the sum of $1,785.25.

The first point argued is that the judgment is contrary to law, and the argument, as we see it, is that the amount of the recovery is excessive. But we find no objection or exceptions at the trial upon which such argument can be predicated. This is not a rule to show cause. It is an appeal.

We think that there was no error as claimed under point two of defendant's brief.

Under this point several grounds of appeal are argued, the first one being that the court charged the jury as follows:

"Whereupon on examining his record and finding that the sum of $1,817.80 remained in the Waller account, he drew his check for that amount to the defendant company."

We think that charge was justified.

In the fourth ground of appeal complaint is made of the court's charge as follows:

"It makes no claim that Mrs. Waller, or the contractor, Gough, owed it any such sum as the amount of the check in question."

This, when considered in the light of its context, we think was not prejudicial.

Under ground twenty, the defendant complains of the statement of the court on the motion for a nonsuit, that the

release was a misrepresentation. But that statement of the court was immediately withdrawn, as the record shows.

Under ground twenty-four, the defendant claims error because of the question the trial court asked of the witness Gough as follows: *Q.* "Why didn't you tell him to charge to the Waller job $32?"

We think that was not improper.

We incline to think that the evidence admitted, of which complaint is made under points three and four, was competent, but whether so or not, it was not prejudicial.

We find no error in the action of the court in refusing the motion to nonsuit and in allowing an amendment of the complaint. The motion to nonsuit was urged upon the ground that the action was based upon fraud, of which there was no proof. The judge thereupon allowed plaintiff's motion to add a count to the complaint, alleging money had and received, and denied the motion to nonsuit. We think both such actions were right and were not prejudicial to the defendant.

We think there was no prejudicial error in the comment of the court on defendant's objection to the ruling of the court on the amendment of the pleading.

We think there was no error in the refusal of the court to charge defendant's requests. The case was presented to the jury by the trial judge, not upon the theory of fraud, but upon the theory of money had and received, and defendant seems to have admitted at the trial that the requests as drafted had no application in such case.

Finding no prejudicial error presented in this record, the judgment will be affirmed, with costs.